## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

ANTHONY S. OCASIO,

     Plaintiff,

v.                                   Case No. 5:23-cv-95-TKW/MJF

G. WOMBLE and WADE,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

     Because Plaintiff has failed to comply with two court orders and has failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

     On May 4, 2023, the undersigned ordered Plaintiff to file a notice of voluntary dismissal or a second amended complaint. Doc. 7. The undersigned imposed a deadline of May 18, 2023, to comply and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. Plaintiff did not comply with that order.

     On June 1, 2023, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of May 4, 2023. Doc. 8. The undersigned imposed a deadline of June 15, 2023, to comply and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of

this action. As of the date of this report and recommendation, Plaintiff has not complied with that order.

## II. Discussion

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962). Plaintiff has not complied with two court orders and has failed to prosecute this action. Accordingly, dismissal of this civil action is appropriate.

## III. Conclusion

Because Plaintiff has failed to comply with two court orders and has failed to prosecute this action, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** this action without prejudice.

2.    **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>27th</u> day of June, 2023.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**